UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

RICHARD WILLIAMS,

                Plaintiff,  **REPORT AND RECOMMENDATION**
                                                              **05 CV 5849 (JG)(LB)**

-against-

OFFICER SALAKO, OFFICER BOBDITT,
NEW YORK CITY CORRECTION
DEPARTMENT,

                Defendants.

-------------------------------------------------------X

**BLOOM, United States Magistrate Judge:**

The instant action was referred to me for all pretrial purposes. The Court scheduled a Fed. R. Civ. P. Rule 16 pretrial conference in this matter. Plaintiff failed to appear at the conference and has failed to contact the Court since filing his complaint on May 30, 2008. Plaintiff has been released from Downstate Correctional Facility, the address on file with the Court, and has failed to update the Court with his current address. Copies of the Court's orders sent to the plaintiff have been returned to the Court. Accordingly, it is respectfully recommended that plaintiff's case should be dismissed under Fed. R. Civ. P. 16(f).

## BACKGROUND

Plaintiff filed this *pro se* action pursuant to 42 U.S.C. §1983 on May 30, 2008 alleging violations of his Fourth and Eighth Amendment rights. More specifically, plaintiff alleges that on or about April 28, 2008 his institution conducted a search and plaintiff was asked by defendant

Officer Salako to strip for the search. Plaintiff refused to strip, stating he was "Muslim" and wanted to be searched alone. Plaintiff was cuffed, taken to the "receiving room" and given a ticket. Plaintiff's complaint, which names Officer Salako, Officer Bobditt and NYC Correction Department as defendants also alleges mental duress and seeks unspecified punitive damages.

The Court granted plaintiff's application to proceed *in forma pauperis* on June 17, 2008. The copy of the June 17, 2008 Order sent to plaintiff was returned undelivered on June 24, 2008 and marked "Unable to identify, must have name and number." On July 14, 2008 the Court granted defendant's request for an extension of time to respond to plaintiff's complaint by endorsed Order. The Court's July 14, 2008 endorsed Order was also returned as undeliverable on August 12, 2008 and was marked "Return to Sender. No Longer Here. Return to Sender. Attempted-Not Known. Unable to Forward." On August 12, 2008, the United States Marshal Service's Process Receipt and Return addressed to plaintiff was returned as undeliverable and marked "RTS-No Longer Here."

On August 22, 2008, Corporation Counsel for the City of New York requested a pre-motion conference to move to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) and 41(b). On September 2, 2008, the Court issued an Order staying defendant's response to plaintiff's complaint and scheduling a pretrial conference pursuant to Fed. R. Civ. P. 16 for September 24, 2008. The Court noted in its Order that plaintiff has not contacted the Court since he filed his complaint on May 20, 2008 and that according to the Department of Correctional Services Inmate Information page, plaintiff has been released. The Court warned plaintiff in its Order that should he fail to contact the Court with his address and timely appear for the September 24, 2008 conference, the Court would dismiss this action. On September 12, 2008, the Court's September 3, 2008 Order was returned as

undeliverable and marked, "Return to sender. Not Deliverable As Addressed." Plaintiff has not updated the Court or defendant's counsel with his current address. In addition, he failed to appear for the September 24, 2008 conference.

## DISCUSSION

Rule 16(f) of the Federal Rules of Civil Procedure provides: "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to appear at a scheduling or other pretrial conference; . . . or fails to obey a scheduling or other pretrial order . . .." Under Rule 37(b)(2)(A)(v), the Court may dismiss the complaint for a party's failure to comply with a Court Order. See Federal Rule of Civil Procedure 37(b)(2)(A) ("[T]he court where the action is pending may issue further just orders. They may include the following: . . . (v) dismissing the action or proceeding in whole or in part."). The sanction of dismissal "may be imposed even against a plaintiff who is proceeding *pro se*, so long as warning has been given that noncompliance can result in dismissal." Valentine v. Museum of Modern Art, 29 F.3d 47, 49 (2d Cir. 1994).

My September 2, 2008 Order explicitly warned plaintiff that I would recommend that this action should be dismissed if plaintiff failed to timely appear for the Court conference on September 24, 2008. That this Order was returned as undeliverable does not save this case from dismissal. It is plaintiff's responsibility to keep the Court informed of his current address. See Concepcion v. Ross, No. CV-92-770, 1997 WL 777943, at *1 (E.D.N.Y. Oct. 27, 1997). This rule applies to not only represented parties but also to *pro se* litigants. See id., at *1; see also Handlin v. Garvey, No.

3

91 Civ. 6777, 1996 WL 673823, at *5 (S.D.N.Y. Nov. 20, 1996) (explaining that the duty to inform the court and defendants of current address is "an obligation that rests with all pro se plaintiffs"). When a *pro se* litigant fails to provide the court with notice of a change of address, a court may deny the litigant's request for relief. See, e.g., Dong v. United States, 02 Civ. 7751, 2004 WL 385117, at *3 (S.D.N.Y. March 2, 2004) (dismissing a *pro se* litigant's claim because the litigant failed to inform the court of his current address, causing the court to lose contact with him).

Plaintiff should not be afforded unlimited chances to obey the Court's Orders. In addition, continuing to issue Orders to plaintiff would be futile as plaintiff has failed to provide the Court with a valid address. Plaintiff has apparently abandoned this case.

## CONCLUSION

Accordingly, it is recommended that plaintiff's action should be dismissed pursuant to Fed. R. Civ. P. 16(f) and 37(b)(2)(A)(v).

**FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the ten day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital District Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Secretary of Health and Human Services, 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985). SO ORDERED.

SO ORDERED.

/S/
_____
LOIS BLOOM
United States Magistrate Judge

Dated: October 2, 2008
       Brooklyn, New York